STATE OF NORTH CAROLINA v. HENRY JAMES BUMGARNER

No. 7925SC187

(Filed 19 June 1979)

**Criminal Law §§ 87, 99— court's belief that calling witness was unethical—witness not called—defendant prejudiced**

Defendant was prejudiced when he refrained from calling a witness who he knew would plead the Fifth Amendment because of the trial court's erroneous belief that it would be unethical for defendant's attorney to do so.

APPEAL by defendant from *Brannon, Judge*. Judgment entered 20 July 1978 in Superior Court, CATAWBA County. Heard in the Court of Appeals 23 May 1979.

The defendant was tried for second degree murder. While the defendant was offering evidence his attorney stated to the court in the absence of the jury that he would call as a witness one James Dean McGinnis, who was an eyewitness to the alleged crime. At this point, Tom Morphis, a member of the Catawba County Bar, advised the court he was representing Mr. McGinnis,

who would refuse to answer certain questions on the ground they might tend to incriminate him. The following colloquy then took place.

COURT: As I recall the rule of ethics it says a lawyer is not supposed to call a witness whom they know is going to take the 5th. Is that correct?

MR. ISENHOWER: I do not know that he is going to do that. The reason that he is being called is to establish a major point at the scene that night and that is all. We realize that we cannot limit the State on cross examination and rather than put him on the spot, even though he is essential to the defense case, we will not call him.

COURT: Now I am not trying to limit you here on what you can offer and cannot. I am just telling you.

MR. ISENHOWER: His testimony, your Honor, would be to the effect that there were no other cars there beside the car that Red Dog was in that night, not a Datsun, and that they did not go to the van prior to leaving the Klub parking lot itself.

COURT: I fail to see how that would help any in that in your opening statement you staked yourself out to a defense of self-defense but the way you try the case is your decision and I will not limit you in that. What do you say, Mr. Solicitor?

MR. CROTTY: I am not in a position to say anything, your Honor. The man has been advised of his rights under the law, and they can call him if they elect to. I don't feel that I have any standing here.

COURT: Let's get down to the nuts and bolts here. Has there been any plea bargaining for your client?

MR. MORPHIS: No sir.

COURT: Talk about any?

MR. MORPHIS: There has been none.

MR. CROTTY: I don't know if this man will be prosecuted for being an accessory or not. I don't want to go into that

now. There may or may not be enough evidence. I have not made that decision at this time. If I thought they should be tried together I would have done so but Mr. Morphis moved that they not be tried together.

COURT: Well, I will let you call him if you so desire.

MR. CROTTY: I would like for the record to show that the State does not object.

COURT: The 5th right is a personal right and can only be invoked by the person having that right.

(Counsel went up to the bench at this time.)

MR. ISENHOWER: The defendant withdraws the call of the witness Mr. McGinnis.

The defendant was convicted of second degree murder.

*Attorney General Edmisten, by Assistant Attorney General Amos C. Dawson III, for the State.*

*Gaither and Wood, by J. Michael Gaither, for defendant appellant.*

WEBB, Judge.

The appellant assigns as error the action of the judge, which he contends prevented him from calling a witness he had intended to use at the trial. As we read the Canons of Ethics of the North Carolina State Bar, it is not unethical for an attorney to call a witness who he knows will plead the Fifth Amendment. Nevertheless, the interpretation of the law by the presiding judge must be accepted during a trial. We assume the defendant's attorney knew the severe penalty to which he might be subject if he did something the presiding judge considered unethical. *See In re Palmer*, 296 N.C. 638, 252 S.E. 2d 784 (1979). On the facts of this case it appears defendant was prevented from calling as a witness an eyewitness to the alleged crime because of an erroneous interpretation of the law by the presiding judge. We hold this to be prejudicial error.

We do not discuss defendant's other assignments of error as they may not recur.

New trial.

Chief Judge MORRIS and Judge HEDRICK concur.